PROB 12C
(04/08)

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

**Petition for Warrant or Summons for Offender Under Supervision**

FILED
SEP - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
            DEPUTY

**Name of Offender:** Jose BUENO (English)            **Dkt No.:** 07-CR-3256-001-BTM

**Reg. No.:** 06579-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** March 12, 2008

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, Aiding and Abetting Bringing in an Illegal Alien Without Presentation, a Class C felony.

**Sentence:** Six months custody; two years supervised release (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** May 16, 2008

**Asst. U.S. Atty.:** Carlos Cantu            **Defense Counsel:** William Burgener (Appointed)
                                                              (619) 291-8565

**Prior Violation History:** None

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition of supervision:

| CONDITION | | ALLEGATION OF NONCOMPLIANCE |
|---|---|---|
| **(Special Condition)** Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of six months. *(nv24)* | 1. | On July 28, 2008, Mr. Bueno was unsuccessfully terminated from Correctional Alternatives, Inc. a RRC. |

***Grounds for Revocation:*** I have read and reviewed the termination notice from Correctional Alternatives, Inc, dated July 28, 2008, which confirmed the following: On July 28, 2008, at 1:50 a.m. Mr. Bueno was given a breath test which resulted in a positive alcohol reading of 0.078%. After the test was conducted, Mr Bueno was instructed by staff at the RRC to remain at the security desk until they could administer a second test. Mr Bueno left the area and returned to his dorm room. He was there for about three minutes until a staff member went to the room and escorted Mr. Bueno back to the front desk. A second breath test was then administered which resulted in a negative result for alcohol. As a result of testing positive for alcohol on the first test, and his refusal to follow staff orders to remain at the front desk, the offender was unsuccessfully terminated from the RRC on July 28, 2008.

A urine sample collected from Mr. Bueno on July 28, 2008, was negative for the presence of controlled substances.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

While on supervised release Mr. Bueno was able to secure employment as a general laborer working for Pacific Tank Cleaning Services.

Upon being terminated from the RRC, Mr. Bueno reported to the probation office as instructed. He admitted to the probation officer he consumed alcohol at the RRC. He said some of his "homies" were drinking at the RRC and he joined them for a drink. He was sorry for his actions and realized what he did was irresponsible. He does not believe he has a problem with alcohol use, he just made a poor choice. Since being discharged from the RRC, he has been renting a room and remains employed at Pacific Tank Cleaning Services.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Bueno's prior record consists of several minor drug possession/paraphernalia convictions; buying alcohol for minors; battery (1984); and taking property/labor from a merchant. The PSR indicated that the offender last used methamphetamine three years prior to his arrest. He denied any problems with alcohol usage.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Case 3:07-cr-03256-BTM   Document 23   Filed 09/04/2008   Page 3 of 6

PROB 12C

| | |
|---|---|
| Name of Offender: Jose BUENO | August 11, 2008 |
| Docket No.: 07-CR-3256-001-BTM | Page 3 |

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (unsuccessful discharge from a RRC) constitutes a Grade C violation. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an imprisonment range of 4 to 10 months. USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 4 months, 12 days of the court-ordered community confinement. Therefore, his adjusted **imprisonment range is 8 months, 12 days to 14 months, 12 days.**

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 36 months supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

| | |
|---|---|
| Name of Offender: Jose BUENO | August 11, 2008 |
| Docket No.: 07-CR-3256-001-BTM | Page 4 |

**RECOMMENDATION/JUSTIFICATION**

If found in violation it is recommended that supervised release be revoked and Mr. Bueno returned to custody for five months. The original sentence the Court imposed was what is known as a split-sentence where the offender is able to spend half the custodial term in custody and the other half of the term in a residential reentry center. This allows the offender the opportunity to be allowed to return to the community sooner than he would normally have been able to do. Mr. Bueno has made another poor decision in his life and as a result he was discharged from the RRC. The five- month custody recommendation is less than the low-end of the imprisonment range, but is believed suitable punishment for his violation. In addition, it is recommended that the court reimpose a term of supervised release of 24 months, under the original conditions imposed, with the deletion of the six month RRC condition.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 11, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
E. Peter Nover
Senior U.S. Probation Officer
(760) 806-9358

Reviewed and approved:

_____
Julia Jauregui
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** BUENO, Jose

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-3256-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation | Grade |
   |---|---|
   | unsuccessful discharge from a RRC | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                          [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.3(d))       [ 8 months, 12 days - 14 months, 12 days]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution | $ | Community Confinement | 4 months, 12 days |
   | Fine | $ | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

_____ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATION.

✓ Other _A summons shall issue to bring the defendant before the court on September 19, 2008 at 10:30 AM to show cause why his supervised release should not be revoked for the above violation alleged. The court finds probable cause as to the alleged violation._

_____                    8/30/08
The Honorable Barry Ted Moskowitz                    Date
U.S. District Judge
/s/ Barry Ted Moskowitz

                                                                    pn